IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| **VANESSA MUNIZ GERENA,** *on behalf of herself and others similarly situated,* <br><br>        Plaintiff, <br><br> v. <br><br> **EQUIFAX WORKFORCE SOLUTIONS, LLC** d/b/a **THE WORK NUMBER,** <br><br>        Defendant. | Civil Action No. 3:24-cv-00098-MHL <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANT EQUIFAX WORKFORCE SOLUTIONS, LLC'S
ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Equifax Workforce Solutions, LLC ("EWS" or "Defendant") files its Answer and Defenses to Plaintiff's Class Action Complaint (Dkt. 1, "Complaint"), stating as follows:

Except as expressly admitted in this Answer, Defendant denies every allegation of the Complaint, including, without limitation, any allegations in the opening paragraph, headings, subheadings, footnotes, and prayer for relief, as well as any other allegations or requests for relief not contained in the enumerated paragraphs in the Complaint. Defendant has reproduced verbatim the headings in the Complaint for ease of reference only, which should not be taken as any adoption or admission by Defendant. Defendant's responses to the specific allegations made in the numbered paragraphs of the Complaint are set forth below.

**PRELIMINARY STATEMENT**

1.     EWS admits that Plaintiff alleges violations of 15 U.S.C. § 1681, et seq. (the Fair Credit Reporting Act or "FCRA"). EWS denies that it violated the FCRA, and that Plaintiff is entitled to any of the relief she seeks.

1

2.	EWS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and, therefore, denies them.

3.	EWS states that the allegations in the first sentence of Paragraph 3 constitute legal conclusions to which no response is required. To the extent a response is required, EWS admits that Equifax Workforce Solutions, LLC acts as a consumer reporting agency in some circumstances, but denies that Equifax Workforce Solutions, LLC is always acting as a consumer reporting agency. EWS denies that The Work Number is a consumer reporting agency. EWS admits that it maintains a repository of employment data. EWS further admits that it updates its repository based on information provided by certain employers. EWS denies the allegations in paragraph 3 to the extent that the term "Equifax" refers to any entity other than EWS. EWS denies any remaining allegations in paragraph 3.

4.	For the allegations in Paragraph 4 that purport to describe the contents of EWS's website, EWS refers to the website for a true, accurate, and complete statement of its contents and denies any allegation inconsistent with the website. EWS further admits that some of its customers are government entities that use the reports it issues to verify eligibility for government benefits. EWS denies any remaining allegations in Paragraph 4.

5.	EWS denies the allegations in Paragraph 5.

6.	EWS denies the allegations in Paragraph 6.

7.	EWS denies the allegations in Paragraph 7.

8.	EWS denies the allegations in Paragraph 8.

9.	EWS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and, therefore, denies them.

10. EWS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and, therefore, denies them.

11. EWS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and, therefore, denies them.

12. EWS denies the allegations in Paragraph 12.

13. The allegations in the first two sentences of Paragraph 13 purport to describe the contents of a March 2, 2017 publication from the CFPB. EWS refers to this publication for a true, accurate, and complete statement of its contents and denies any allegation inconsistent with the publication. EWS denies the remaining allegations in Paragraph 13.

14. EWS admits that Plaintiff purports to assert class claims against it. EWS denies the remaining allegations in Paragraph 14.

15. EWS admits that Plaintiff purports to assert class claims against it. EWS denies the remaining allegations in Paragraph 15.

**JURISDICTION AND VENUE**

16. The allegations in Paragraph 16 constitute legal conclusions to which no response is required. To the extent a response is required, EWS admits that the referenced statutes vest the Court with federal-question jurisdiction over this case. EWS, however, reserves the right to challenge Plaintiff's Article III standing (as well as the standing of the putative class members) at the appropriate time.

17. The allegations in Paragraph 17 constitute legal conclusions to which no response is required. To the extent a response is required, EWS admits that it transacts business within this District and Division. EWS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, therefore, denies them.

**PARTIES**

18. EWS admits that Plaintiff is a natural person and a "consumer" as defined by the FCRA. EWS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18 and, therefore, denies them.

19. EWS admits that Equifax Workforce Solutions, LLC does business in the Commonwealth of Virginia. EWS states that the remaining allegations in Paragraph 19 constitute legal conclusions to which no response is required. To the extent a response is required, EWS admits that Equifax Workforce Solutions, LLC acts as a consumer reporting agency in some circumstances, but denies that Equifax Workforce Solutions, LLC is always acting as a consumer reporting agency. EWS denies that The Work Number is a consumer reporting agency. EWS admits that its customers pay EWS for the services that Equifax Workforce Solutions, LLC provides, which includes providing consumer reports in certain circumstances. EWS denies any remaining allegations in Paragraph 19.

## FACTUAL ALLEGATIONS

20. The allegations in Paragraph 20 constitute legal conclusions to which no response is required. To the extent a response is required, EWS denies Paragraph 20 contains a complete or accurate description of the relevant law. EWS denies any remaining allegations in Paragraph 20.

21. The allegations in Paragraph 21 constitute legal conclusions to which no response is required. To the extent a response is required, EWS denies Paragraph 21 contains a complete or accurate description of the relevant law. EWS denies any allegations in Paragraph 21 inconsistent with the referenced statute and denies any remaining allegations in Paragraph 21.

22. EWS states that the allegations in Paragraph 22 constitute legal conclusions to which no response is required. To the extent a response is required, EWS admits that Equifax Workforce Solutions, LLC acts as a consumer reporting agency in some circumstances, but denies that Equifax Workforce Solutions, LLC is always acting as a consumer reporting agency. EWS

further admits that it is subject to the requirements of the FCRA with respect to certain aspects of its business. EWS denies that The Work Number is a consumer reporting agency subject to the FCRA. EWS denies the remaining allegations in Paragraph 22.

23. The allegations in Paragraph 23 constitute legal conclusions to which no response is required. To the extent a response is required, EWS denies Paragraph 23 contains a complete description of the relevant law. EWS denies the allegations in Paragraph 23 to the extent they are inconsistent with the referenced statute. EWS denies any remaining allegations in Paragraph 23.

24. The allegations in Paragraph 24 constitute legal conclusions to which no response is required. To the extent a response is required, EWS denies Paragraph 24 contains a complete description of the relevant law. EWS denies any remaining allegations in Paragraph 24.

25. The allegations in Paragraph 25 constitute legal conclusions to which no response is required. To the extent a response is required, EWS denies Paragraph 25 contains a complete description of the relevant law. EWS denies any remaining allegations in Paragraph 25.

26. The allegations in Paragraph 26 constitute legal conclusions to which no response is required. To the extent a response is required, EWS denies Paragraph 26 contains a complete description of the relevant law or regulatory guidance. EWS denies any remaining allegations in Paragraph 26.

27. EWS denies the allegations in Paragraph 27.

28. The allegations in Paragraph 28 constitute legal conclusions to which no response is required. To the extent a response is required, EWS denies Paragraph 28 contains a complete description of the relevant law or regulatory guidance. For further answer, EWS denies any remaining allegations in Paragraph 28.

29. Due in part to the generality of the allegations in Paragraph 29, EWS is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

30. EWS denies the allegations in the first three sentences of Paragraph 30. EWS is without knowledge or information sufficient to form a belief as to the truth of the allegations in sentences 4 and 5 and, therefore, denies them. EWS denies the remaining allegations in Paragraph 30.

31. EWS denies the allegations in Paragraph 31.

32. EWS denies the allegations in Paragraph 32.

33. EWS admits that it does not directly profit from processing disputes. EWS denies the remaining allegations in Paragraph 33.

34. The allegations in Paragraph 34 purport to describe the contents of a communication that EWS sent to Plaintiff. That communication speaks for itself, and EWS denies the allegations in Paragraph 34 to the extent Plaintiff misstates or mischaracterizes the contents of that communication. EWS denies any remaining allegations in Paragraph 34.

35. Due to the vagueness of the allegations in Paragraph 35, EWS is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

36. EWS denies the allegations in Paragraph 36.

37. Due in part to the generality of the allegations in Paragraph 37, EWS is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

38. Due in part to the generality of the allegations in Paragraph 38, EWS is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

39. EWS denies the allegations in Paragraph 39.

40. EWS admits that its customers pay EWS for the services that Equifax Workforce Solutions, LLC provides, which includes providing consumer reports in certain circumstances. EWS denies the remaining allegations in Paragraph 40.

41. EWS admits that it does not directly profit from processing disputes. EWS denies any remaining allegations in Paragraph 41.

42. EWS denies the allegations in Paragraph 42.

43. EWS denies the allegations in Paragraph 43.

44. EWS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 44 and, therefore, denies them.

45. EWS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 45 and, therefore, denies them.

46. EWS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 46 and, therefore, denies them.

47. EWS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 47 and, therefore, denies them.

48. EWS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 48 and, therefore, denies them.

49. EWS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 49 and, therefore, denies them.

50. EWS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 50 and, therefore, denies them.

51. EWS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 51 and, therefore, denies them. EWS denies any remaining allegations in Paragraph 51.

52. EWS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 52 and, therefore, denies them.

53. EWS admits that Plaintiff sent a disclosure request to EWS in November 2022. The remaining allegations in Paragraph 53 purport to describe the contents of that disclosure request from Plaintiff, and EWS refers to this disclosure request for a true, accurate, and complete statement of its contents and denies any allegation inconsistent with this disclosure.

54. EWS is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 54 and, therefore, denies them. The remaining allegations in Paragraph 54 purport to describe the contents of a disclosure from EWS, and EWS refers to this disclosure for a true, accurate, and complete statement of its contents and denies any allegation inconsistent with this disclosure. EWS denies any remaining allegations in Paragraph 54.

55. The allegations in Paragraph 55 purport to describe the contents of a disclosure from EWS, and EWS refers to this disclosure for a true, accurate, and complete statement of its contents and denies any allegation inconsistent with this disclosure. EWS denies the remaining allegations in Paragraph 55.

56. EWS is without knowledge or information sufficient to form a belief as to the truth of the allegations that in 2015 Plaintiff was briefly employed by a temp agency called

Employbridge, and that her address when she worked at Employbridge was in Chesterfield, Virginia, and, therefore, denies them. The remaining allegations in Paragraph 56 purport to describe the contents of a disclosure from EWS, and EWS refers to this disclosure for a true, accurate, and complete statement of its contents and denies any allegation inconsistent with this disclosure.

57. In response to the allegations in Paragraph 57, EWS admits that it received a dispute letter from Plaintiff in February 2023 and that it sent a response to that letter in February 2023. The remaining allegations in Paragraph 57 purport to describe the contents of Plaintiff's letter and EWS's response to it, and EWS refers to those communications for a true, accurate, and complete statement of their contents and denies any allegations inconsistent with those communications. EWS denies any remaining allegations in Paragraph 57.

58. EWS denies the allegations in Paragraph 58 to the extent they suggest that it was in any way improper for EWS request information verifying Plaintiff's address. Subject to that denial, EWS admits the allegations in Paragraph 58.

59. EWS denies the allegations in Paragraph 59.

60. EWS admits that it responded to Plaintiff's dispute with the results of its reinvestigation and an updated disclosure. EWS further admits that it removed all of the information that Plaintiff had disputed. The remaining allegations in Paragraph 60 purport to describe the contents of the updated disclosure sent by EWS to Plaintiff, and EWS refers to that disclosure for a true, accurate, and complete statement of its contents and denies any allegation inconsistent with that disclosure. EWS denies the remaining allegations in Paragraph 60.

61. EWS denies the allegations in Paragraph 61.

62. EWS denies the allegations in Paragraph 62.

63. EWS admits that the FCRA was originally enacted in 1970. EWS admits that it is an indirect subsidiary of Equifax, Inc. EWS is a wholly-owned subsidiary of Equifax Information Services of Puerto Rico, LLC. Equifax Information Services of Puerto Rico, LLC is a wholly-owned subsidiary of Equifax, Inc. EWS denies that The Work Number is a subsidiary (indirect or otherwise) of Equifax, Inc. EWS denies any remaining allegations in Paragraph 63.

64. EWS admits that it is limited liability company with access to legal advice. EWS denies the remaining allegations in Paragraph 64.

65. EWS denies the allegations in Paragraph 65.

66. EWS denies the allegations in Paragraph 66.

67. EWS denies the allegations in Paragraph 67.

68. EWS denies the allegations in Paragraph 68.

69. EWS denies the allegations in Paragraph 69.

70. EWS denies the allegations in Paragraph 70.

71. EWS denies the allegations in Paragraph 71.

72. EWS denies the allegations in Paragraph 72.

73. EWS denies the allegations in Paragraph 73.

## CLAIMS FOR RELIEF

### COUNT ONE: VIOLATION OF THE FCRA, 15 U.S.C. §1681e(b)
### (Class Claim)

74. EWS restates each of its responses to the allegations in Paragraphs 1 through 73 as though fully set forth herein.

75. EWS admits that Plaintiff purports to bring a claim against it on behalf of a putative class, defined in Paragraph 75, but denies that the proposed class is properly defined and denies that class treatment is appropriate.

76. EWS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 and, therefore, denies them.

77. EWS denies the allegations in Paragraph 77.

78. EWS denies the allegations in Paragraph 78.

79. EWS denies the allegations in Paragraph 79.

80. EWS without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 and, therefore, denies them.

81. EWS denies the allegations in Paragraph 81.

82. EWS denies the allegations in Paragraph 82.

83. EWS denies the allegations in Paragraph 83.

84. EWS denies the allegations in Paragraph 84.

85. EWS denies the allegations in Paragraph 85.

86. EWS denies the allegations in Paragraph 86.

87. EWS denies the allegations in Paragraph 87.

88. EWS denies the allegations in Paragraph 88.

89. EWS denies the allegations in Paragraph 89.

### COUNT TWO: VIOLATION OF THE FCRA, 15 U.S.C. §1681i
### (Class Claim)

90. EWS restates each of its responses to the allegations in Paragraphs 1 through 89 as though fully set forth herein.

91. EWS admits that Plaintiff purports to bring a claim against it on behalf of a putative class, defined in Paragraph 91, but denies that the proposed class is properly defined and denies that class treatment is appropriate.

92. EWS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92 and, therefore, denies them.

93. EWS denies the allegations in Paragraph 93.

94. EWS denies the allegations in Paragraph 94.

95. EWS denies the allegations in Paragraph 95.

96. EWS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96 and, therefore, denies them. EWS denies any remaining allegations in Paragraph 96.

97. EWS denies the allegations in Paragraph 97.

98. EWS denies the allegations in Paragraph 98.

99. EWS denies the allegations in Paragraph 99.

100. EWS states that the allegation in Paragraph 100 constitute a legal conclusion to which no response is required. To the extent a response is required, EWS admits that the quoted language in Paragraph 100 appears in the cited materials. EWS denies that the quoted language in Paragraph 100 provides a complete and accurate depiction of a CRA's responsibilities under the FCRA and denies any remaining allegations in Paragraph 100.

101. EWS denies the allegations in Paragraph 101.

102. EWS denies the allegations in Paragraph 102.

103. EWS denies the allegations in Paragraph 103.

## PRAYER FOR RELIEF

EWS denies that Plaintiff is entitled to any of the relief sought in Plaintiff's Prayer for Relief set out on Page 21 of the Complaint.

## TRIAL BY JURY

EWS admits that Plaintiff demands a trial by jury. EWS likewise demands a trial by jury.

## DEFENDANT EWS'S DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, EWS pleads the following defenses to the Complaint:

## FIRST DEFENSE

The Complaint fails, in whole or in part, to state a claim against EWS upon which relief can be granted.

## SECOND DEFENSE

Plaintiff and the putative class members have not suffered any legally cognizable injury in fact that is fairly traceable to EWS, and thus lack Article III standing.

## THIRD DEFENSE

Any injuries or damages suffered by Plaintiff and/or members of the putative class resulted from acts or omissions by parties other than EWS, for which EWS is not responsible.

## FOURTH DEFENSE

To the extent the FCRA governs its business, EWS has at all times maintained reasonable procedures to ensure compliance with its obligations under the FCRA, including the requirements set forth in 15 U.S.C. § 1681i.

## FIFTH DEFENSE

EWS has at all times maintained reasonable procedures to assure maximum possible accuracy in the consumer reports it issues.

**SIXTH DEFENSE**

To the extent the FCRA applies to its business, EWS has complied with the FCRA in its handling of Plaintiff's consumer file, and is entitled to each and every defense stated in the FCRA and any and all limitations of liability.

**SEVENTH DEFENSE**

Plaintiff has failed to mitigate her damages, if any.

**EIGHTH DEFENSE**

Plaintiff's claim for statutory or punitive damages is barred or limited by the provisions of 15 U.S.C. § 1681n.

**NINTH DEFENSE**

EWS adopts by reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the United States Supreme Court in the following cases: *BMW v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 923 (2001); *State Farm v. Campbell*, 538 U.S. 408 (2003), and *Safeco Insurance Co. of America v. Burr*, 551 U.S. 47 (2007).

**TENTH DEFENSE**

Plaintiff is not entitled to statutory or punitive damages that are excessive under the common law or the U.S. Constitution, including the Constitution's prohibition of excessive fines and its guarantee of due process of law.

**ELEVENTH DEFENSE**

Plaintiff cannot satisfy the prerequisites for class certification, in whole or in part, that are set forth in Rule 23 of the Federal Rules of Civil Procedure.

## TWELFTH DEFENSE

The claims of Plaintiff and/or putative class members are barred, in whole or in part, to the extent they are untimely under the applicable statute of limitations and/or the doctrine of laches.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part to the extent she has released her claims and/or the doctrines of claim preclusion or issue preclusion applies.

## FOURTEENTH DEFENSE

The Court does not have personal jurisdiction over EWS with respect to claims asserted by or on behalf of any non-Virginia resident consumers.

## FIFTEENTH DEFENSE

Plaintiff's claim for willful violations of the FCRA are barred by the principles articulated in *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47 (2007).

EWS reserves the right to assert additional defenses that it learns of through the course of discovery.

**THEREFORE**, having fully answered or otherwise responded to the allegations in Plaintiff's Complaint, EWS prays that:

(1)  Plaintiff's Complaint be dismissed in its entirety and with prejudice, with all costs taxed against Plaintiff;

(2)  it be dismissed as a party to this action;

(3)  it receive a trial by jury for all issues so triable;

(4)  it be awarded any other relief that the Court deems just and appropriate.

Dated: April 8, 2024						Respectfully submitted,

/s/ Noah P. Sullivan
Noah P. Sullivan (VSB No. 82698)
**GENTRY LOCKE ATTORNEYS**
919 E. Main Street, Ste. 1130
Richmond, Virginia 23219
Tel.: (804) 956-2069
Fax: (540) 983-9400
nsullivan@gentrylocke.com

Melissa E. O'Boyle (VSB No. 47449)
**GENTRY LOCKE ATTORNEYS**
101 West Main Street
Norfolk, Virginia 23510
Tel: (757) 916-3512
Fax: (540) 983-9400
moboyle@gentrylocke.com

Zachary A. McEntyre (*pro hac vice*)
John C. Toro (*pro hac vice*)
Thomas H. Paris, IV (*pro hac vice*)
**KING & SPALDING LLP**
1180 Peachtree Street, N.E.
Suite 1600
Atlanta, GA 30309
Tel.: (404) 572-4600
Fax: (404) 572-5140
zmcentyre@kslaw.com
jtoro@kslaw.com
tparis@kslaw.com

*Counsel for Defendant Equifax Workforce Solutions, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on April 8, 2024, I caused the foregoing document to be filed with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

/s/     *Noah P. Sullivan*
        Noah P. Sullivan

*Counsel for Defendant Equifax Workforce Solutions, LLC*